# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

KEVIN MERCHANT,
Plaintiff

v.

EQUIFAX, INFORMATION SERVICES, LLC,
Defendant

## VERIFIED COMPLAINT

(1). This is a civil action brought pursuant to 15 U.S.C. § 1681 et seq.

(2). This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1681p.

(3). The Plaintiff, Kevin Merchant, Jr. (herein, "Kevin, Jr.") is a natural person, residing at, 139 Central St., Auburn, Massachusetts. He is a "consumer," within the meaning of 15 U.S.C. § 1681a(c).

(4). The Defendant, Equifax Information Services, LLC., is a Credit Reporting Agency, as that term is defined in 15 U.S.C. § 1681a(f). On information and belief Equifax maintains a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309

### FACTS COMMON TO ALL COUNTS

(5). On or around February 13th, 2020, Kevin Jr. and his wife, Elizabeth, began the process of refinancing their home, working with Loan Depot.

(6). The refinancing would save the Merchants $176/month on their loan, along with the elimination of PMI (Private Mortgage Insurance) which would amount to an additional $200/month in savings.

(7).     The Merchants have two children, a boy aged six and a daughter aged three; for a young family, every dollar saved is significant.

(8).     On February 13th, 2020, after obtaining the Merchants' permission to pull credit, their Loan Depot loan officer got back to them asking them to eliminate the "hold," on Kevin Jr.'s credit.

(9).     At no time had Kevin Jr. placed a hold on his credit.

(10).    On February 13th, 2020, in response to the email from Loan Depot, informing them that there was a hold on Kevin Jr.'s credit, Kevin Jr. placed five phone calls to Equifax, and was on the phone for 26 minutes.

(11).    Shortly thereafter, Kevin Jr. sent Equifax a "dispute letter," consistent with the requirements of 15 USC 1681i.

(12).    Kevin Jr. made four more calls on February 19th, 2020, and spent 43 minutes on the phone with Equifax.

(13).    During that call, the Merchants were encouraged to log on to the Equifax on-line system and, essentially, solve their problems themselves; they received a password change notification on February 19th, 2020, evidencing that they did log on to the Equifax website as requested by Equifax customer representatives.

(13).    On February 21st, 2020, Loan Depot informed the Merchants that they were unable to pull credit to effect the refinance, which was delaying the loan.

(14).    On February 24th, 2020 Kevin Jr. again called Equifax, and spent another 18 minutes on the phone.

(15). On February 28th, 2020, Kevin Jr. called Equifax six times and spent a total of 161 minutes on the phone, or two hours and 41 minutes

(16).  On March 4th, 2020, Kevin Jr. again called Equifax, and spent another 68 minutes on the phone.

(17).  On March 7th, 2020, Equifax sent Kevin a letter, confirmation number 0067037396, informing him that it had received his dispute letter, and that it had solved the problem.

(18).  Notwithstanding this acknowledgment of receipt, Loan Depot again informed the Merchants that Kevin's account was still blocked on March 17th, 2020.

(19).  On March 17th, 2020, Kevin Jr. called Equifax twice and spent a total of 22 minutes on the phone.

(20).  On March 19th, 2020, Kevin Jr. called Equifax twice and spent a total of 124 minutes on the phone, or two hours and four minutes.

(21).  During this time, the Merchants began to interface with the Equifax website, which indicated that a lock had been placed on Kevin's account.

(22).  On March 26th, 2020, Kevin Jr. called Equifax twice and spent a total of 96 minutes on the phone.

(23).  On April 3rd, 2020, the Merchants learned that a report from all three credit reporting agencies was a condition of his loan with Loan Depot, and that his inability to obtain a credit report from Equifax was the only hindrance to his ability to close his loan.

(24).  It was around this time that the Merchants realized that Kevin Jr.'s information had been somehow co-mingled with a man, also named Kevin Merchant, who lives in Virginia (herein "Kevin T.").

(25).  On April 13th, 2020, Kevin Jr. called Equifax three times, and spent a total of 46 minutes on the phone.

(26).   On April 21st, 2020, Kevin Jr. made a complaint with the Consumer Financial Protection Bureau (herein the "CFPB").

(27).   Throughout this period, Kevin Jr. called Equifax repeatedly, trying to get his credit report fixed. Equifax seemed to be almost intentionally ignoring him: repeatedly shunting him from one customer service representative to another, and then directing him to call the same number he had been calling since February.

(28).   On April 23rd, 2020, Kevin Jr. called Equifax four times, and spent a total of 125 minutes on the phone, or two hours and five minutes.

(29).   On April 27th, 2020, Kevin Jr. called Equifax five times, and spent a total of 69 minutes on the phone, or an hour and nine minutes.

(30).   On April 28th, 2020, Kevin Jr. called Equifax times and spent a total of 268 minutes on the phone, or three hours and 28 minutes.

(31).   On April 29th, 2020, Kevin Jr. caqlled Equifax three times and spent a total of 198 minutes on the phone, or three hours and 18 minutes.

(32).   On May 1st, 2020, Kevin Jr. received a generic reply from the CFPB informing him that Equifax had 60 days to reply to his complaint

(33).   In total, Kevin Jr. called Equifax 41 times, and was either speaking to a representative, or on hold with Equifax, for 20 hours, between February and April of 2020.

(34).   During these calls, Kevin Jr. discussed the same issues he had been having, and worked in good faith to try and solve the problem. He was promised a resolution would be forthcoming, but no resolution ever occurred.

(35).   After he was able to log on to myequifax.com and see that it was not his information, but rather Kevin T.'s, and after he had explained this issue to the customer service consumer

line, he would be informed that he was not blocked and that Loan Depot had not attempted to pull his credit. Thereafter, Equifax Customer Service would direct Kevin Jr. to have Loan Depot call their business direct line.

(36). According to Loan Depot, the business direct line repeatedly told Loan Depot that the Kevin Jr.'s account did not have a block (based off of the reference ID that Loan Depot had received, and provided to Kevin Jr. when running his credit).

(37). On many telephone calls, Kevin asked for the consumer line (the number he would call) to call the business direct line and they would say something to the effect of, "we do not do that and cannot do that."

(38). On information and belief, had the consumer line contacted the business line, it would have closed the circle on the consumer line's requests to have Loan Depot call the business direct line, which likely would have helped clarify the problem.

(39). Kevin Jr. consistently told Equifax's representatives that he could see the last four digits of Kevin T's social security number. Even when Kevin Jr. gave Equifax the last four numbers of his own Social Security Number and Equifax would "reset" his log in information, he would still see Kevin T's account when he logged on.

(40). Equifax refused Kevin Jr.'s repeated offers to send pictures, screen-shots, faxes or an email evidencing his interactions with Kevin T.'s account.

(41). Kevin Jr. was repeatedly hung up on, and disconnected on many occasions.

(42). At one point, through the Facebook messenger, Kevin Jr. was able to forward Equifax the screen-shots he had of Kevin T.'s account.

(43). Kevin Jr. received a reply from Equifax through Facebook Messenger informing him that he should call the same consumer line that he had been calling.

(44).   On May 2nd, 2020, Kevin Jr. received another letter from Equifax virtually identical to the March 7th, 2020 letter he had received, which neither mentioned the issues he had brought to Equifax's attention, nor offered any solution.

(45).   Because of the repeated representations by Equifax representatives that the issue had been "resolved," or "fixed," the Merchants, eager to effect their home refinance, re-authorized multiple hard credit pulls.

(46).   As a result of these credit pulls, Kevin Jr.'s credit has been seriously damaged. As a result of the damage to his credit as a result of the repeated credit pulls, the Merchants may have lost their ability to finance their loan with Loan Depot, along with their appraisal fee.

(47).   Kevin Jr.'s credit is still intermingled with Kevin T.'s credit, and Kevin Jr. does not have access to his own credit report.

(48).   The security freeze on Kevin Jr./Kevin T.'s account has not been lifted, despite Kevin Jr.'s repeated exhortations that it be lifted.

(49).   The Merchants had intended to purchase a new camper van after closing on their refinance, for which they had placed a $2,500 deposit.

(50).   Because the camper van debt could reduce their creditworthiness, the Merchants now find themselves in the difficult position of potentially losing their refinance, or potentially losing their camper van down payment.

(51).   On June 9th, 2020, Kevin received a response from the CFPB informing him that, nothing was wrong and that the case was, "closed."

## CLAIMS

### FIRST CLAIM FOR RELIEF
### (FCRA-15 U.S.C. §1681n)

(52).   The Plaintiff re-states and re-alleges paragraphs 1- 51 as if fully set forth herein.

(53). Equifax willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to:

    a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b);

    b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i; and

    c) failing to provide plaintiff his credit file pursuant to 15 U.S.C. §1681g.

(54). As a result of Equifax's violations of the FCRA, the Plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damage, in an amount to be determined by the jury.

(55). Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

(56). Plaintiff is entitled to actual damages in an amount to be determined by the jury in addition to any statutory damages in an amount to be determined by the Court.

(57). Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C. § 1681n(a).

## SECOND CLAIM FOR RELIEF
### (FCRA-15 U.S.C. §1681o)

(58). Plaintiff re-states and re-alleges paragraphs 1 - 57 as if fully set forth herein.

(59). Equifax negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

    a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b);

    b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i; and

    c) failing to provide plaintiff her credit file pursuant to 15 U.S.C. §1681g.

(60). As a result of Equifax's violations of the FCRA, plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damage, in an amount to be determined by the jury.

(61).   Plaintiff is entitled to actual damages in an amount to be determined by the jury.

(62).   Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C. § 1681o(a).

## COUNT THREE

## DECLARATORY RELIEF

(63).   The Plaintiff re-states and re-alleges paragraphs 1-62 as if separately set forth herein.

(64).   The Plaintiff has repeatedly, and without equivocation, complained to the Defendant that it has made a mistake in conflating his credit report with the credit report of another man, Kevin T. Merchant, of Virginia.

(65).   The Defendant has acknowledged receipt of the Plaintiff's complaints, in writing, and has repeatedly assured him that it will fix the problem.

(66).   The Defendant has willfully refused to acknowledge that it is trafficking the wrong credit report to the world, on information and belief, because it does not actually believe that Kevin Merchant Jr. is not Kevin T. Merchant, and vice versa.

(67).   Shockingly, a controversy has arisen between the Parties as to whether the Plaintiff is Kevin Merchant Jr., who lives in Auburn, Massachusetts, or Kevin T. Merchant, who resides in Virginia.

(68).   The Defendant has been treating the plaintiff as if he is a man who he is not, despite his exhortations to the contrary.

(69).   The Plaintiff seeks a declaration that he is Kevin Merchant Jr., of Auburn Massachusetts, and an Order from this Court, pursuant to 28 U.S.C. § 2202, restraining the Defendant from treating him as otherwise.

## JURY TRIAL

Plaintiff demands a jury trial on all claims.

WHEREFORE, the Plaintiff, Kevin Merchant, prays this Honorable Court grant him

Judgment as follows:

1. On Plaintiffs First Claim for Relief for willful violations of the FCRA against Defendant Equifax:

    a. Actual damages in an amount to be determined by the jury;

    b. Punitive damages in an amount to be determined by the jury; and,

    c. Statutory damages as determined by the court; and

    d. Attorney fees and costs.

2. On Plaintiffs Second Claim for Relief for negligent violations of the FCRA against Defendant Equifax:

    a. Actual damages in an amount to be determined by the jury;

    b. Attorney fees and costs.

3. On Plaintiff's Third Claim for Relief for Declaratory Relief:

    a. A declaration that the Plaintiff Kevin Merchant, Jr. is a different person from Kevin T. Merchant, and that the two credit reports should not be intertwined.

4. On All Claims for Relief, costs and expenses incurred in this action.

June 15th, 2020

Respectfully submitted
Kevin Merchant, by his attorney,

/S/ JONAS A. JACOBSON
Jonas A. Jacobson (BBO #676581)
The Law Offices of Jonas Jacobson
872 Massachusetts Avenue, Unit 1-6
Cambridge MA 02139
(617) 230-2779
*jonas@jonasjacobson.com*

## VERIFICATION OF COMPLAINT

I, Kevin Merchant, Jr. hereby declare that I have read the Complaint prepared for me by my Attorney, Jonas Jacobson, and that it is true and accurate.

_____
Kevin Merchant, Jr.