**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

```
_____
KEVIN MERCHANT,          )
Plaintiff                )
                         )            C.A.No.: 20CV11136TSH
v.                       )
                         )
EQUIFAX, INFORMATION     )
SERVICES, LLC,           )
Defendant                )
_____)
```

**PLAINTIFF'S APPLICATION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS**

NOW COMES the Plaintiff, Kevin Merchant (herein "Merchant") pursuant to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 et. Seq. and Fed. R. Civ. P. 54(d) hereby requests that this Court award attorney's fees and costs to Merchant, based on the accepted Rule 68 Offer of Judgment, which satisfied in full Mr. Merchant's base damages, available under 15 U.S.C. § 1681o.

Under the applicable lodestar method, the total number of hours expended by Plaintiff's counsel in this action to move the case from the first meeting with the Client, through Summary Judgment, was 95.8 hours. The total hours expended were reasonable, and the hourly rates requested are comparable to the prevailing market rates in the Boston legal community for consumer protection attorneys of of skill comparable to that of Plaintiff's counsel, or perhaps a little lower. Plaintiff's counsel therefore requests $43,110 in attorney's fees, and $500.00 in costs, together with the attorney's fees associated with the preparation of this application, which amounts shall be provided to the Court together with the Plaintiff's Reply Brief.

**(a). Plaintiff is entitled to an award of Reasonable Attorney's Fees.**

Defendant served its offer of Judgment on the Plaintiff on August 11th, 2022, on the only live claim asserted by Mr. Merchant, his claim for a violation of 15 U.S.C. § 1681o. Mr. Merchant accepted the

1

offer on August 25th, 2022. The Offer of Judgment specified that, the amount payable to Mr. Merchant would also include, "reasonable attorneys' fees and costs, incurred to the date of this Offer, in an amount to be determined by the Court." Furthremore, the FCRA entitles the prevailing party to reasonable attorneys' fees and costs. 15 U.S.C. § 1681o  See, e.g. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1336 (9th Cir. 1995) ("The FCRA provides that 'in the case of any successful action to enforce liability under this section, the costs of the action together with reasonable attorneys' fees as determined by the court [will be awarded].'") (quoting 15 U.S.C. §§ 1681n(3) and 1681o(2)); *French v. Corp. Receivables, Inc.*, 489 F.3d 402, 403 (1st Cir. 2007)

**(b). Federal Courts Considering a Fee Application Apply the The Lodestar Approach**

The "method of choice," for calculating reasonable fees under a federal fee-shifting statute is the lodestar method. *Pérez-Sosa v. Garland*, 22 F.4th 312, 321 (1st Cir. 2022) (quoting *Matalon v. Hynnes*, 806 F.3d 627, 638 (1st Cir. 2015)); see, e.g., *McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 53 F. Supp. 3d 312 (D. Mass. 2014) (applying lodestar under FDCPA).  A lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To calculate the lodestar amount, the court tallies the number of hours reasonably expended on the litigation, excluding hours that are "excessive, redundant, or otherwise unnecessary." *Pérez-Sosa*, 22 F.4th at 321 (punctuation and citation omitted). The court then identifies a reasonable hourly rate (or rates), a determination that is ordinarily based on the prevailing rates in the community for attorneys (or paralegals) with comparable qualifications, experience and competence.

**(I). Billable Time**

      i.  <u>Plaintiff's Counsel has supplied the Court with a Detailed Invoice through the Offer of Judgment</u>

The first inquiry, the reasonable "number of hours," is generally computed "by ascertaining the time counsel actually spent on the case 'and then subtract[ing] from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary," See: *Guckenberger v. Boston University*, 8 F. Supp. 2D 91, 100 (D. Mass. 1998) [citations ommitted]. Mr. Merchant's attorney's invoice (attached to his Declaration) sets forth the number of hours spent working on this case over the last two years See Exhibit A.

      ii.    <u>Plaintiff's Counsel should be compensated for the time preparing this Application</u>

"There is a presumption that the plaintiffs, as prevailing parties, are entitled to recover reasonable attorneys' fees with respect to these [a fee application]," See: *Torres-Rivera v. O'Neill-Cancel,* 524 F. 3d 331, 341 (1st Cir. 2008). The Plaintiff, as a prevailing party, is therefore entitled to some compensation for the amount of time preparing this application. The amount of time, necessarily, will not have crystalized until the Defendant has filed its opposition, and the Plaintiff has had the chance to prepare a reply brief. Notwithstanding this point, the Defendant should be aware that the Plaintiff intends to seek this time.[1]

**(II).    Hourly Rate**

The second part of the calculation of the lodestar is the setting of an hourly rate for each attorney. "The applicable rates are 'those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation," See: *Grendel's Den, Inc. v. Larkin* 749 F.2d 945, 955 (1st Cir. 1984). The Court, "may establish a rate that it considers reasonable based on counsel's skill and experience and prevailing market rates," See: *Phetsomphone v. Allison Reed Group, Inc.,* 984 F.2d. 4, 8 (1st Cir. 1993). "The community in which the court sits is the appropriate starting point for selecting the proper rate," See: *Guckenberger v. Boston University,* 8 F. Supp. 2D 91, 103 (D. Mass. 1998).

---

1   A sur-reply brief, although disfavored generally, discussing whether specific time charges were appropriate, would not be objectionable to the Plaintiff, under the circumstances.

Nationally, the "Laffey Matrix," suggests an appropriate rate for counsel with 11-19 years of experience to be $759, See Exhibit B. The Price Waterhouse Coopers "Billing Rate and Associate Sallary Survey" suggests that the lowest reasonable rate for an attorney not working at an AmLaw250 law firm is, on average, $594/hour, with a $739/hour upper end, and a $508/hour lower end, See Exhibit C.

As a baseline, the rate of $500/hour was recently found to be appropriate for attorney David Chami, by Magistrate Judge M. Page Kelly, See Exhibit D. That said, Mr. Chami's case was litigated from 2016-2021.

The within case, by contrast was litigated during a time of high inflation, from 2020 to 2022.

Plaintiff's counsel, who has been pracicing law just as long as Mr. Chami, actually seeks a lower hourly rate than the rate awarded Mr. Chami. This rate is reasonable, because counsel charges $450/hour under certain circumstances, and reasonably seeks to set the Lodestar at an amount he charges, See Exhibit A. ("[R]ates that plaintiffs counsel actually charge their clients [...] is obviously strong evidence of what the market will bear," See: *Rozell v. Ross-Holst*, 576 F. Supp. 2D 527 (S.D.N.Y. 2008). Moreover, according to Adam Deutsch, a Massachusetts attorney, and a specialist in consumer law, "$450/hour is slightly lower than might be expected by a consumer protection attorney with comparable experience," See Exhibit E. Indeed, Joe Culik, another Massachusetts based consumer protection attorney, who has been awarded rates as high as $500/hour in Massachusetts (in 2018) agrees that $450/hour is a reasonable rate, See Exhibit F.

Counsel is experienced in the area of consumer protection, having litigated perhaps 100 consumer foreclosure matters, and was successful in three reported appellate decisions (and several unreported decisions) See Exhibits A and F.

4

**(III).    Total Amounts Billed (Fees and Costs)**

Pursuant to the invoice attached to the Declaration of Jonas Jacobson, and attributing to each hour its appropriate rate, Plaintiff is requesting a total fee award of $43,110; the Plaintiff also seeks payment of the Filing Fee for this matter, See Exhibit A. This Court should also award costs in the total amount of $500, for a total fee award of $43,610.

**(IV).    Fees for this Application**

The Plaintiff likewise seeks fees for the preparation of this Fee Application, and respectfully requests that this Court consider that application, after the Defendant has filed its Opposition (which the Defendant has indicated would be forthcoming) and the Plaintiff has filed his Reply.

**(c).  THE LODESTAR AMOUNT, ONCE ESTABLISHED, IS PRESUMED REASONABLE**

"Once arrived at, there is a strong presumption that the lodestar figure … represents a reasonable fee," See: *Bandera v. City of Quincy*, 220 F. Supp. 2d., 26, 50 (D. Mass. 2002). "Where a fee shifting statute gives rise to a lodestar amount, a party advocating for the reduction (in this case, Equifax) *bears the burden* of establishing that a reduction is justified," See:  *U.S. Football League v. National Football League,* 887 F.2d 408, 413 (2d Cir. 1989).

## SUMMARY

This was a fairly novel Fair Credit Reporting Act (herein, "FCRA") where, on the Defendant's Motion for Summary Judgment, the District Court (Hillman, J.) courageously found that a consumer, frustrated by a credit reporting agency's erroneous report that the consumer's account was, "blocked," was sufficient to withstand summary judgment. Relevant to the Court's decision, was whether communication regarding a, "block," was a credit report, within the meaning of 15 U.S.C. § 1681e(b). While the Court's determination that the Plaintiff's argument was novel prevented the Plaintiff from moving forward with his punitive damages claim, Plaintiff's counsel is nevertheless entitled to be compensated for his work in establishing the very proposition whose novelty stalled his client's claims.

5

The reasonable amount for those claims are attorney's fees in the amount of $43,110 and costs in the amount of $500, with the Fees for this Application to be provided along with the Plaintiff's Reply Brief.

|  |  |
|---|---|
|  | Respectfully submitted |
| September 8th, 2022 | Kevin Merchant, by his attorney, |
|  | /S/ JONAS A. JACOBSON<br>Jonas A. Jacobson (BBO #676581)<br>The Law Offices of Jonas Jacobson<br>2067 Massachusetts Avenue, 5th Floor<br>Cambridge MA 02140<br>(617) 230-2779<br>jonas@jonasjacobson.com |

## **CERTIFICATE OF SERVICE**

I, Jonas A. Jacobson, hereby certify that this day, I sent a true copy of the foregoing to the Defendant, Equifax Information Services, LLC, on September 8th, 2022 via NEXTGEN CM/ECF.

Dated September 8th, 2022

*/S/ Jonas A. Jacobson*
Jonas A. Jacobson