UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN MERCHANT,           )<br>Plaintiff                            )<br>                                        )<br>v.                                     )<br>                                        )<br>EQUIFAX, INFORMATION )<br>SERVICES, LLC,              )<br>Defendant                      )<br>_____) | C.A. No.: 20CV11136-TSH |

## AFFIDAVIT OF JOE DYE CULIK , ESQ.

I, Joe Dye Culik, having been duly sworn, do hereby depose and make affidavit as follows:

**1.** I graduated from Michigan State University College of Law in 2008 and was admitted to the bar of the Commonwealth of Massachusetts in 2008. I have been licensed to practice in Massachusetts since that year. I am also admitted to practice in the U.S. District Court for the District of Massachusetts (2009), the First Circuit Court of Appeals (2012), the State of North Carolina (2016), and the U.S. District Court for the Western District of North Carolina (2016), the U.S. District Court for the Middle District of North Carolina (2018), and the Fourth Circuit Court of Appeals (2018). I am a member in good standing of all bars to which I have been admitted. I have never been publicly censured or disciplined for any professional misconduct, and to the best of my knowledge no disciplinary proceedings against me are pending in any jurisdiction.

**2.** During the foreclosure crisis and its aftermath, I was one of a handful of attorneys regularly representing consumers in the Massachusetts State and Federal Court in consumer

1

financial services litigation from around 2008 to 2018. I have obtained a number of reported decisions in this area, including:[1]

>    *Afridi v. Residential Credit Sols., Inc.,* 189 F. Supp. 3d 193 (D. Mass. 2016)
>    *Charest v. Fed. Nat. Mortg. Ass'n,* 88 Fed. R. Serv. 3d 72 (D. Mass. 2014)
>    *Gomes v. Midland Funding, LLC*, 839 F. Supp. 2d 417 (D. Mass. 2012)
>    *Hannigan v. Bank of Am., N.A.,* 48 F. Supp. 3d 135 (D. Mass. 2014)
>    *In re Abisso,* 490 B.R. 464, 69 Collier Bankr. Cas. 2d 571 (Bankr. D. Mass. 2013)
>    *Property Acquisition Group, LLC v. Ivester*, 95 Mass. App. Ct. 170 (Mass. 2019)
>    *Morris v. BAC Home Loans Servicing, L.P.*, 775 F. Supp. 2d 255 (D. Mass. 2011)
>    *Paiva v. Bank of New York Mellon,* 120 F. Supp. 3d 7 (D. Mass. 2015)
>    *Speleos v. BAC Home Loans Servicing, L.P.,* 755 F. Supp. 2d 304 (D. Mass. 2010)
>    *Speleos v. BAC Home Loans Servicing, L.P.,* 824 F. Supp. 2d 226 (D. Mass. 2011)
>    *Stagikas v. Saxon Mortg. Services, Inc.,* 795 F. Supp. 2d 129 (D. Mass. 2011)

**3.**     I have significant experience in the area of consumer financial protection. I have been invited by the Massachusetts Attorney General to assist with training consumer-protection attorneys as part of its HomeCorps program. I have presented on consumer debt defense at the National Consumer Law Center. I have attended numerous continuing legal education programs and other education conferences, including the National Consumer Law Center's Consumer Rights Conference, the National Association of Consumer Bankruptcy Attorneys' annual conference the NCLC Fair Debt Collection Conference, and the NCLC's debt-collection workshop. I have also contributed to the NCLC's Consumer Law Pleadings formbook.

**4.**     I am familiar with the Fair Credit Reporting Act and related litigation. In such matters, consumer attorneys must meet with a number of clients before finding a client with a case falling within the penumbra of an applicable statutory (in the case of FCRA claims) or

---

1   As this Court is aware, many decisions are not reported. Nor is the following an exhaustive list of my reported cases on behalf of consumers.

common law cause of action. This takes a significant expenditure of time and resources that are often uncompensated.

**5.** Attorney Jacobson is well regarded as a consumer litigation attorney in Massachusetts, and has, himself, secured several favorable, reported, decisions for consumers in the State and Federal Court in this District, of which I am aware, including:

> *Wilbur v. Tunnell*, 98 Mass. App. Ct. 19 (Mass. 2020)
> *Citadel Realty, LLC v. Endeavor Capital North, LLC,* 93 Mass. App. Ct. 39 (2018)
> *Fisher v. HSBC Bank,* 332 F. Supp. 3D 435 (D. Mass. 2018)

**6.** In fact, over the years, I have regularly referred potential clients to attorney Jacobson, in particular, when my firm was too busy, due to prior commitments.

**7.** The Fair Credit Reporting Act is a sub-specialty within the legal specialty of "consumer financial services law." I have knowledge as to the standard hourly rates charged by Consumer Law attorneys in Massachusetts, having practiced law in Massachusetts since 2008.

**8.** I have reviewed the Affidavit of Jonas Jacobson, and the rates requested in Plaintiff's Application for Attorney's Fees.

**9.** An hourly rate of $450/hour is reasonable for a Plaintiff's side attorney with over 12 years of experience practicing Consumer Law in the Metropolitan Boston area. I state this, because towards the end of my time in Boston, I charged a similar rate myself, and have been awarded rates as high as $500 per hour. *See, e.g., Clark v. First Resolution Investment Corp.*, C.A. No. 15-1013-BLS2 (Mass. Super.) (Order dated Jan. 10, 2018) (final approval order in class action allowing rate of $500/hour); *Waterfront Capital, LLC v. Sissel*, C.A. No. 14-04051-BLS2 (Mass. Super) (Order Oct. 16, 2017) (final approval order allowing rate of $425/hour).

**10.** It should go without saying that the Boston metropolitan area has a high cost of living, and the population in the Metropolitan Boston area is amongst the wealthiest, per capita, in the United States.

**11.** Additionally, one should not fail to point out that, since the COVID-19 pandemic, the market for consumer side legal services has surged, as has inflation. Rates that may have been appropriate even a few years ago, should be adjusted to reflect our new reality

**12.** I am not related to any of the parties in this action.

**13.** I have no financial interest in this case.

**14.** I am receiving no compensation for submitting this affidavit.

Signed under the Pains and Penalties of Perjury, this 7th day of September, 2022

<u>/s/ *Joe Dye Culik* _____</u>
Joe Dye Culik (BBO# 672665)
DYE CULIK PC
101 Federal St., Suite 1900
Boston, MA 02110
(617) 830-1795
jc@dyeculik.com