UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN MERCHANT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>　　　　　Defendant. | Civil Action No. 20-CV-11136-TSH |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S OPPOSITION TO
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Defendant Equifax Information Services LLC ("Equifax") files this Opposition to Plaintiff's Motion for Attorney's Fees (ECF No. 72). In support of this opposition, Equifax states as follows:

**I.  INTRODUCTION**

Counsel for Plaintiff Kevin Merchant seeks over ***$43,000*** in attorneys' fees and costs in a case in which his client did not prevail, but instead, only concluded when his client accepted an Equifax's offer of judgment in an amount ***barely over $5,000***.  As detailed below, this is a case that should have unquestionably resolved early last year, but did not solely because Plaintiff's counsel issued an opening demand of $5,000,000, refused to counter Equifax's opening settlement offer, never reduced his $5,000,000 settlement demand by a single penny until after losing summary judgment, and unilaterally cancelled a scheduled mediation in 2021 on the grounds that Equifax's settlement offer of "$5,000 doesn't start us anywhere near a resolution."[1]  In reality,

---

[1] Equifax's actual opening settlement offer was $500, but Plaintiff understood it to be $5,000. Equifax made it clear it would continue to offer more money to resolve this case, but would not bid against itself and explained why it did not believe this case to be worth anywhere near $5,000,000. *See* Exh. A-2.

$5,000 should have easily settled this case in 2021, but Plaintiff's counsel insisted that this was a "punitive damages" case that allegedly entitled his client to millions of dollars. That was simply not true.

Because Plaintiff's counsel completely refused to negotiate in good faith, Equifax was forced to expend substantial time, resources, and effort into litigating this case instead of finding a reasonable resolution. Ultimately, Equifax's position was proven correct: this was **not** a punitive damages case and worth anything near $5,000,000. Instead, the Court granted partial judgment to Equifax and dismissed most of Plaintiff's claims against Equifax, including his punitive damages claim. Only then did Plaintiff reveal to Equifax that his actual damages were ***only $5,370*** – even though his settlement demand was nearly **one thousand times** that amount.

Plaintiff's claim for attorney's fees and costs should be denied in its entirety because Plaintiff is not the "prevailing party" on any claim in this case, as required by 15 U.S.C § 1681o. Alternatively, even if the Court disagrees and finds that Plaintiff is entitled to some amount of attorney's fees and costs, Plaintiff's award should nevertheless be significantly reduced because the amount sought is demonstrably unreasonable.

## II. ARGUMENT AND CITATION TO AUTHORITY

### A. Plaintiff's request for an award of attorney's fees is unreasonable because Plaintiff did not succeed on any of his claims.

The Supreme Court has held that "the most critical factor in determining the *reasonableness* of a fee award is the *degree of success* obtained." *Farrar v. Hobby*, 506 U.S. 103, 109, 114 S. Ct. 566, 574, 121 L. Ed. 2d 494 (1992) (internal citations omitted) (emphasis added); *see also Trainor v. HEI Hosp., LLC*, 699 F.3d 19, 35 (1st Cir. 2012) (Plaintiffs may not recover attorney's fees on unsuccessful cases). The Fair Credit Reporting Act ("FCRA") states that a plaintiff may recover ***reasonable*** attorney's fees pursuant to 15 U.S.C § 1681o, but only permits

-2-
88154515v.1

an award of attorney's fees and costs in the case of a "**successful action** to enforce any liability under this section." 15 U.S.C § 1681o (emphasis added). The only liability provided for in Section 1681o is actual damages. *Id.*

In the present case, Plaintiff originally sought actual damages for negligent violation of sections 1681e(b) and 1681i and punitive damages for violation of sections 1681e(b) and 1681i. (ECF No. 1.) On July 18, 2022, the Court dismissed Plaintiff's claims for negligent violation of 15 U.S.C. § 1681i and willful violation of 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i; Plaintiff's claim for negligent violation of 15 U.S.C. § 1681e(b) was the *only* claim that survived Equifax's Motion for Summary Judgment. (ECF No. 66.) Since Plaintiff cannot recover punitive damages without a willful finding, Plaintiff's only available remedy as of July 18, 2022 was actual – not punitive – damages. *See* 15 U.S.C 1681n (willful noncompliance with the FCRA permits punitive damages).

After the Court's entry of summary judgment, Plaintiff filed a Notice of Plaintiff's Acceptance of Defendant Equifax Information Services LLC's Offer of Judgment, informing the Court that the parties had settled pursuant to Fed. R. Civ. P. 68(a) and judgment would be entered against Equifax in the total amount of $5,970 plus "reasonable attorney's fees and costs." (ECF No. 70.) In other words, after nearly two years of insisting on a **$5,000,000** settlement demand, Plaintiff obtained a judgment for $5,970 to settle the sole remaining claim that did not survive Equifax's Motion for Summary Judgment. *See* **Exhibit A**. Notably, the Offer of Judgment also specifically states that:

> "an acceptance of this Offer by Plaintiff shall *not* constitute a judgment on the merits of the claims against Equifax, nor a finding of liability against Equifax."

(ECF No. 70-1.) (Emphasis added.)

Because Plaintiff did not obtain judgment in his favor on the merits of any of his claims

against Equifax, Plaintiff did not "succeed" on his FCRA claims, as required under 15 U.S.C § 1681o and no attorney's fees or costs should be awarded to him by the Court. *See Buckhannon, Dechert v. Cadle Company*, 441 F.3d 474, 476 (7th Cir. 2006) (the term "prevailing party" is defined as a "party in whose favor a judgment is rendered, regardless of the [*6] amount of damages awarded"; *see also Nagle v. Experian Info. Solutions, Inc.*, 297 F.3d 1305, 1307 (11th Cir. 2002) (applying *Buckhannon* standard to a fee award to a "successful" party under the Fair Credit Reporting Act); *see also Buckhannon*, 532 U.S. at 603, 121 S. Ct. 1835 (citing Black's Law Dictionary 1145 (7th ed. 1999)) (a "prevailing party" is "one who has been awarded some relief by the court[.]").

**B. Even if the Court holds that Plaintiff is entitled to an award of attorney's fees, Plaintiff's award for attorney's fees should be substantially reduced from the amount requested**.

As discussed above, Plaintiff did not achieve any success in this matter and is therefore requesting unreasonable attorney's fees. Even if, however, the Court finds that Plaintiff is entitled to some amount of attorney's fees, then his attorney's fees should be substantially reduced as they have been in cases where partial final judgment was entered in plaintiffs' favor, awarding limited damages. In an effort to amicably resolve this matter to avoid wasting the Court's time and resources any further and after requesting a copy of Plaintiff's attorney's fees multiple times, Equifax offered to make a total payment of $15,970 to Plaintiff, covering his actual damages and some of his attorney's fees. *See* **Exhibit A-1**, pp. 5-6. Plaintiff's counsel, however, refused to accept and stated that he will be seeking the entire $42,394 in attorney's fees. *See Id.*, p. 5. In response, Equifax agreed to issue an Offer of Judgment in the amount of $5,970 to cover Plaintiff's actual damages and allow the Court to determine if Plaintiff's attorney's fees are reasonable; Equifax's counsel clearly expressed that Plaintiff's attorney's fees are unreasonable and excessive

in spite of Plaintiff's willingness to accept Equifax's Offer of Judgment. *See Id.* Pp. 1-6.

The Supreme Court noted in *Ferrar* that if a plaintiff achieves only limited or partial success, the product of hours spent on the litigation as a whole times a reasonable rate may be excessive. *Ferrar* 506 U.S. 103. at 113. The court in *Sheffer* applied this same analysis, adapted by several Supreme Court cases[2], to an FCRA matter where Plaintiff sought $300,000 in damages and $250,000 for statutory and punitive damages but obtained a $1,000 jury award; Plaintiff's fee was reduced from $78,749.97 to $25,000 as *reasonable* compensation. *Sheffer v. Experian Info. Solutions, Inc.*, 290 F. Supp. 2d 538, 551, 2003 U.S. Dist. LEXIS 20525 (E.D. Pa. 2003) (also citing to the following examples *Washington v. Phila. County Ct. of Com. Pl.*, 89 F.3d 1031, 1043 (3d Cir. 1996) (finding that reduction of attorney's fees by fifty percent was appropriate where plaintiff requested more than $750,000.00 in damages and the jury awarded "nominal victory of $ 25,000.00"); *Hall v. Am. Honda Motor Co.*, Civ. A. No. 96-8103, 1997 WL 732458, at *4, 1997 U.S. Dist. LEXIS 18544, at *11 (E.D. Pa. Nov. 24, 1997) (reducing award by ten percent where plaintiff sought damages in excess of $50,000.00 and received final judgment of $4,000.00); *Hilferty v. Chevrolet Motor Div. of Gen. Motors Corp.*, Civ. A. No. 95-5324, 1996 WL 287276, at *6-7, 1996 U.S. Dist. LEXIS 7388, at *24-25 (E.D. Pa. May 30, 1996) (reducing fee award by approximately two-thirds where plaintiff recovered only eight percent of damages sought), aff'd, 116 F.3d 468 (3d Cir. 1997).

At the outset of the present case, Plaintiff submitted a $5,000,000 settlement demand to Equifax insisting that this case is not worth anything less by refusing to negotiate with Equifax or even mediate the case. *See* **Exhibit A-2**. Following the Court's order granting partial summary

---

[2] *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1941, 76 L. Ed. 2d 40 (1983); and *Texas State Teachers v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 790, 103 L. Ed. 2d 866, 109 S. Ct. 1486, 1492 (1989).

88154515v.1

judgment to Equifax, however, Plaintiff indicated that he would accept a payment in the amount of $5,970 (actual damages plus $500 in filing fees, and $100 in service charges) to resolve the case and proceed with a hearing regarding his request for attorney's fees. Exh. A-1, p. 8. After nearly two years, this was the ***first time*** that Plaintiff revealed what his actual damages are, and it is unclear how Plaintiff intended on justifying a request for $5,000,000 with damages in the amount of $5,370 to the jury during trial. *See* Exh. A.

Furthermore, despite Equifax's continuous efforts to convince Plaintiff's counsel otherwise, Plaintiff's counsel litigated this case as a $5,000,000 case between June 15, 2020 and July 18, 2022, when the Court dismissed most of Plaintiff's claims against Equifax. (ECF No. 66.) Equifax therefore argues that Plaintiff's attorney's fees are due to an excessively unreasonable settlement demand and overzealous litigation; had Plaintiff cooperated with Equifax, provided his actual damages to Equifax or even engaged in some form of settlement negotiations, this case would've been resolved without the need to resort to extensive discovery, a motion to compel Plaintiff to respond to Equifax's discovery requests, and dispositive motions. Not only did Plaintiff fail to justify his excessive settlement demand through discovery or negotiations, but he also failed to proceed beyond summary judgment on most of his claims against Equifax; yet, Plaintiff's counsel seeks $43,110 in attorney's fees for litigating a case that he claimed was worth $5,000,000, all while knowing that Plaintiff's alleged actual damages were barely over $5,000. *See Hensley* 461 U.S. 424 at 434 (a court is to exclude from the fee calculation hours that were not reasonably expended, including "excessive, redundant or otherwise unnecessary work."). Plaintiff's request for attorney's fees is therefore not only unreasonable, but unjust and inequitable.

A review of Plaintiff's billing records quickly reveals extensive work by Plaintiff's counsel extending far beyond the sole claim that survived Equifax's motion for summary judgment
88154515v.1

(Plaintiff's claim for negligent violation of 15 U.S.C. § 1681e(b)).  Again, Plaintiff is not entitled to recover for time spent on claims that were dismissed as a matter of law.  Compounding matters, Plaintiff's counsel makes no attempt whatsoever to explain which time entries are associated with which particular claims; but instead, appears to take the unreasonable position that ***all*** the time he spent on this matter should be recoverable, notwithstanding ***Plaintiff did not prevail on a single claim***.  Such a position is not supported by any applicable law.

### III. CONCLUSION

For the foregoing reasons, Equifax respectfully requests that this Court deny Plaintiff's Motion for Attorney's Fees or, alternatively, significantly reduce Plaintiff's award for fees and costs to correspond to solely the time spent on Plaintiff's single claim that survived summary judgment.

**[SIGNATURES ON FOLLOWING PAGE]**

DATED: October 21, 2022				Respectfully submitted,


							*/s/ Eric Barton*
							Christopher F. Robertson
							Massachusetts Bar No. 642094
							Seyfarth Shaw LLP
							Seaport East, Two Seaport Lane
							Suite 300
							Boston, MA  02210
							Telephone:    (617) 946-4800
							Email: crobertson@seyfarth.com

							Eric Barton
							*Admitted Pro Hac Vice*
							Seyfarth Shaw LLP
							1075 Peachtree Street, N.E.
							Suite 2500
							Atlanta, GA 30309
							Telephone:  (404) 885-1500
							Email: ebarton@seyfarth.com

							*Counsel for Defendant*
							*Equifax Information Services LLC*

-8-
88154515v.1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN MERCHANT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>　　　　Defendant. | Civil Action No. 20-CV-11136-TSH |

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on October 21, 2022 he electronically filed the foregoing **DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

　　　　　　　　　　　　　　　　　　　*/s/ Eric F. Barton*
　　　　　　　　　　　　　　　　　　　Eric F. Barton
　　　　　　　　　　　　　　　　　　　*Admitted Pro Hac Vice*