UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN MERCHANT, JR., * <br> * <br> Plaintiff, * <br> * <br> v. * <br> * <br> EQUIFAX INFORMATION SERVICES, * <br> LLC, * <br> * <br> Defendant. * | Civil Action No. 4:20-cv-11136-IT |

MEMORANDUM & ORDER

September 29, 2023

TALWANI, D.J.

Plaintiff Kevin Merchant, Jr., brought this action against Defendant Equifax Information Services, LLC ("Equifax") alleging willful and negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. Compl. [Doc. No. 1]. On August 11, 2022, Equifax made an Offer of Judgment [Doc. No. 70-1], pursuant to Federal Rule of Civil Procedure 68, which Merchant accepted, see Notice of Plaintiff's Acceptance [Doc. No. 70]. Pending before the court is Plaintiff's Motion for Attorney's Fees, Pursuant to 15 § 1681o ("Motion for Fees") [Doc. No. 74] seeking $43,610 in fees and costs, and Plaintiff's Application for Attorney's Fees Incurred During the Preparation of His Attorney Fee Request ("Motion for Further Fees") [Doc. 87], seeking an additional $20,430 in fees. For the foregoing reasons, Plaintiff's Motion for Fees [Doc. No. 74] is GRANTED IN PART and DENIED IN PART, and his Motion for Further Fees [Doc. No. 87] is DENIED.

I. **Background**

Much of the background relevant to the pending motions is laid out in the court's Order and Memorandum [Doc. No. 66]. In sum, Merchant alleged that as a result of mistaken identity

by Equifax in response to a credit inquiry, Merchant was unable to obtain refinancing and lost out on hundreds of dollars in mortgage payments. Order and Mem. 2-3. [Doc. No. 66].

Merchant filed suit against Equifax, alleging two counts of violations of the Fair Credit Reporting Act ("FRCRA"), 15 U.S.C. § 1681, et seq. Merchant's First Claim for Relief, under 15 U.S.C. § 1681n, alleged willful violations of 15 U.S.C. §§ 1681e(b), 1681i, and 1681g. Verified Compl. ¶¶ 52-57 [Doc. No. 1]. Merchant's Second Claim for Relief, under 15 U.S.C. §1681o, alleged negligent violations of 15 U.S.C. §§ 1681e(b), 1681(i) and 1681g. Id. ¶¶ 58-62. Plaintiff sought actual damages, punitive damages, and attorney's fees and costs, as well as declaratory relief concerning the confusion of his credit report. Equifax moved for summary judgment as to both counts, Defendant's Motion for Summary Judgment [Doc. No. 37], and moved to strike, Defendant's Motion to Strike [Doc. No. 62], an affidavit submitted by Plaintiff with his opposition to the summary judgment motion. The court denied Equifax's Motion to Strike [Doc. No. 32] and denied in part and granted in part Equifax's Motion for Summary Judgment [Doc. No. 37], see Order and Memorandum [Doc. No. 66], concluding that Plaintiff had standing, that he had not demonstrated willful violations of 15 U.S.C. § 1681e(b) but had sufficient evidence to go forward on the negligent violation of that statute, that he had not demonstrated willful or negligent violations of 15 U.S.C. § 1681i, and that he had abandoned his claims for violation of 15 U.S.C. § 1681g. Order and Mem. 2, 6-7 [Doc. No. 66].

On August 22, 2022, Equifax filed a Notice of Plaintiff's Acceptance of Equifax's Offer of Judgment [Doc. No. 70] and the Offer of Judgment Upon Plaintiff[] Kevin Merchant Pursuant to Rule 68 ("the Offer of Judgment") [Doc. No. 70-1], which provided for judgment in the amount of $5,970.00, plus "reasonable attorneys' fees and costs, incurred to the date of this Offer, in an amount to be determined by the Court." The court entered a judgment in favor of

2

Merchant and against Equifax in the amount of $5,970.00, "plus reasonable attorneys' fees and costs incurred through August 11, 2022, in an amount to be determined by the court on a motion filed in accordance with Fed. R. Civ. P. 54(d)[.]" Judgment [Doc. No. 71].

Merchant then filed the pending Motion for Fees [Doc. No. 74]. Merchant contends that he is entitled to attorney's fees and costs in the amount of $43,610 where "reasonable attorneys' fees and costs" are provided for in the Offer of Judgment [Doc. No. 70-1] and are available to the prevailing party under § 1681o. Pl. Mem. [Doc. No. 75]. Merchant seeks an additional $20,340 of fees incurred in connection with his fee request, under the general rule that fees incurred in seeking fees pursuant to fee-shifting statutes may also be awarded under such statutes. Motion for Further Fees [Doc. No. 87]. Equifax opposes both requests.

**II.     Discussion**

    A.     *Plaintiff's Motion for Fees*

Defendant argues that Plaintiff is not entitled to attorneys' fees where he is not the prevailing party under the Fair Credit Reporting Act, 15 U.S.C. § 1681o. Def. Opp'n to Pl. Mot. for Atty's Fees ("Opp'n") 1 [Doc. No. 2-3]. However, this argument is foreclosed where the Offer of Judgment expressly provides for Plaintiff's "reasonable attorneys' fees incurred through [August 11, 2022], in an amount to be determined by the Court." Id. [Doc. No. 70-1]. The Offer did not suggest that the court need determine whether Plaintiff was the prevailing party, but only whether the fees sought were reasonable. Accordingly, the court turns to that issue.

Plaintiff asserts that the $43,110 he seeks in fees is reasonable under the prevailing lodestar method. Pl. Mem. 3-4 [Doc. No. 75]. Defendant responds that, if the court awards fees, the award should be substantially reduced because (i) the relationship between the judgment offered and fees sought is not justified, and (ii) Plaintiff's counsel's litigation strategy was the

3

cause for the fees Plaintiff now seeks. Def. Opp'n 6 [Doc. No. 85]. Finally, Defendant asserts that Plaintiff should not recover fees for time spent on claims that were ultimately dismissed as a matter of law. Id. at 7. In reply, Plaintiff asserts that his claims were interrelated and cannot be separated, and thus, the fees should not be reduced by any measure. Pl. Reply 10 [Doc. No. 86].

In calculating fees, the First Circuit has indicated that the lodestar method is the preferred approach. Pèrez-Sosa v. Garland, 22 F.4th 312, 320 (1st Cir. 2022). "The lodestar amount equals 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). In calculating the number of hours reasonably expended, courts excludes those hours that are "excessive, redundant, or otherwise unnecessary." See Cent. Pension Fund of the Int'l Union of Operating Eng'rs and Participating Emp.s v. Ray Haluch Gravel Co., 745 F.3d 1, 5 (1st Cir. 2014) (quoting Hensley, 461 U.S. at 434)). Next, the court considers whether the hourly rate sought is reasonable, often by considering "the prevailing rates in the community for lawyers of like qualifications, experience, and competence." Cent. Pension Fund, 745 F.3d at 5. Finally, once the court has determined the lodestar amount, i.e., the number of hours multiplied by the reasonable hourly rate, the court may adjust the lodestar amount, "if the specific circumstances of the case warrant an adjustment." Pèrez-Sosa, 22 F.4th at 321.

As to the first step, Plaintiff's submission reflects that his counsel, Jonas Jacobson, expended 95.8 hours on the litigation between April 28, 2020, and November 4, 2021. See Pl. Mot. Ex. A, August 3, 2022 Invoice [Doc. No. 75-1]. The court rejects Defendant's objection to Plaintiff's litigation strategy, where nothing precluded Defendant from making a much earlier offer of judgment. And although the fees incurred are greatly in excess of the result obtained, where no earlier offer of judgment was made, the court finds it appropriate to award the fees

4

necessary to obtain that offer. Nor does the court identify any specific entries as "excessive, [or] redundant."

Plaintiff's entries do not parse between specific claims or legal theories. Plaintiff contends that this is because the claims are interrelated and cannot be parsed. The summary judgment record largely supports this contention, where Plaintiff's briefing on summary judgment focuses on the record before the court as a whole, <u>Plaintiff's Opposition to Defendant's Motion for Summary Judgment</u> 10-11 [Doc. No. 53], and the dispute surrounding the affidavit and motion to strike was necessitated by Defendant's global argument that Plaintiff lacked standing, spending little time on the question of the now-dismissed claim of willfulness specifically. At the same time, some reduction in hours is warranted where the <u>Offer of Judgment</u> [Doc. No. 70-1] pertained only to Plaintiff's remaining count for negligent violations of the Fair Credit Reporting Act. Accordingly, the court considers the time spent specifically on Plaintiff's willfulness claim in Plaintiff's briefing (roughly one page of eight devoted to Plaintiff's argument), <u>Plaintiff's Memorandum in Opposition to Equifax's Motion for Summary Judgment</u> 10 [Doc. No. 53] and the time devoted to that claim in the court's summary judgment order (one page of seven), <u>See</u> <u>Order and Memorandum</u> 6-7 [Doc. No. 66] as instructive to the court's conclusion that a limited reduction is warranted to assure that unnecessary fees are not awarded. In light of the limited discussion devoted to this theory, the court concludes that a 15% reduction in the hours, for a total of 81.4 hours sought by Plaintiff to be reasonable.

As to the second step, Defendant does not object to the Plaintiff's counsel's hourly rate, and, where the evidence Plaintiff offers reflects that counsel's hourly rate offered is in line with, or below, rates of similar practitioners, <u>see</u> <u>Motion for Fees</u> Ex. B [Doc. No. 75-2], Ex. C [Doc. 75-3], the court concludes that $450 per hour is reasonable.

Accordingly, the court determines fees in the amount of $36,630 to be reasonable attorneys' fees incurred through August 11, 2022, in an amount to be determined by the Court.

Where the Offer of Judgment [Doc. No. 70-1], provides for costs, and Defendant does not dispute that the costs sought are improper under the Offer, the court also awards Plaintiff the $500 in costs sought.

  B. *Plaintiff's Motion for Further Fees*

Plaintiff seeks further fees incurred during the preparation of his attorney's fee request, arguing that fees or fees are appropriate under fee shifting provisions. Motion for Further Fees 1 [Doc. No. 87]. While Plaintiff correctly states the general rule, the court is unable to find him entitled to statutory fees here where the Offer of Judgment [Doc. 70-1] specifically states that it "shall not . . . be construed or used as an admission of liability on the part of Equifax."

Nor may Plaintiff be awarded fees based on the Offer of Judgment's fee provision where that provision is limited to fees incurred before August 11, 2022. Accordingly, Plaintiff's Motion for Further Fees [Doc. No. 87] is denied.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees [Doc. No. 74] is GRANTED IN PART and DENIED IN PART and Plaintiff's Motion for Further Fees [Doc. No. 87] is DENIED. The court awards Plaintiff Kevin Merchant, Jr. $37,143.50 in attorney's fees and costs.

  IT IS SO ORDERED

  September 29, 2023             /s/ Indira Talwani
                           United States District Judge